IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2022 MAR -1 P 3:29

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

HERMAN CROMARTIE,

           Plaintiff,

v.

CENTRAL ALABAMA FOOD
SERVICES,

           Defendant.

) CASE NO.:
)
)         2:22-cv-00106
)
) REMOVED FROM CIRCUIT
) COURT OF MONTGOMERY
) COUNTY, ALABAMA (Case No.
) 03-CV-2022-900088.00)
)
)

## DEFENDANT CENTRAL ALABAMA FOOD SERVICES' NOTICE OF REMOVAL

Defendant Central Alabama Food Services ("Defendant") hereby files this Notice of Removal of this action from the Circuit Court of Montgomery County, Alabama to the United States District Court for the Middle District of Alabama, Northern Division, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, stating as follows:

### I. Introduction.

1. Plaintiff Herman Cromartie commenced this action by filing a Complaint on January 25, 2022, in the Circuit Court of Montgomery County, Alabama, case number 03-CV-2022-900088.00. A true and correct copy of the state court file, including all pleadings, process, and orders received by Defendant is attached as Exhibit A.

2. In the Complaint, Plaintiff brings a federal claim for gender discrimination pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"). *See* Ex. A, Complaint, Count One.

3. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because Plaintiff's Title VII claims in this case arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

## II. Procedural Requirements.

4. Plaintiff served Defendant with the Summons and Complaint on January 31, 2022. As such, this Notice of Removal is timely filed under 28 U.S.C. § 1446.

5. No prior application has been made for the relief requested herein.

6. The United States District Court for the Middle District of Alabama, Northern Division is the district and division embracing the place where this action is pending in state court. 28 U.S.C. § 1441(a).

7. Written notice of filing of this Notice of Removal and a copy of this Notice of Removal will be served this day, March 1, 2022, upon Plaintiff's counsel and the Clerk of the Circuit Court of Montgomery County, Alabama. (*See* Ex. B, Notice of Filing Notice of Removal).

8. All prerequisites for removal, as set forth in 28 U.S.C. § 1441, have been met.

47187938 v1

2

9.     This Notice of Removal is filed in compliance with Rule 11 of the Federal Rules of Civil Procedure.

### III. Federal Question Jurisdiction Exists Over This Action.

10.     Defendant can remove to the appropriate federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treatises of the United States." 28 U.S.C. § 1331.  Removal jurisdiction based upon a federal question exists when a federal question is presented on the face of the complaint. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

11.     This is a civil action arising under the laws of the United States because Plaintiff is asserting claims under Title VII.  *See* Ex. A, Complaint, Count One.

12.     28 U.S.C. §1441(a) states, "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

13.     Removal of the State Court Action to this Court is permissible under 28 U.S.C. §1441(a) because the claim asserted by Plaintiff in the Complaint could have been originally filed in this Court.

### IV. Adoption and Reservation of Defenses

14.     Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Defendant's rights to assert any affirmative defenses, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) failure to join indispensable parties; or (8) any other pertinent defense available under Federal Rule Civil Procedure 12, any federal statute, or otherwise.

15.     To the extent remand is sought by Plaintiff or visited by the Court, Defendant respectfully requests the opportunity to brief the issues and submit additional arguments and evidence.

16.     Defendant reserves the right to supplement this Notice of Removal as may be necessary or appropriate.

**WHEREFORE,** Defendant prays that this Court will take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court of Montgomery County, Alabama to the United States District Court for the Middle District of Alabama, Northern Division.

47187938 v1                                              4

Respectfully submitted,

Marcel L. Debruge (DEB006)
Kathryn Morris Willis (MOR130)
Cayman L. Caven (CAV010)

ATTORNEYS FOR DEFENDANT
CENTRAL ALABAMA FOOD SERVICES

**OF COUNSEL:**
BURR & FORMAN LLP
420 North 20th Street
Suite 3400
Birmingham, AL  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
Email: mdebruge@burr.com
        ccaven@burr.com

**OF COUNSEL:**
Kathryn Morris Willis
BURR & FORMAN LLP
Post Office Box 2287
Mobile, Alabama  36652
Telephone:  (251) 344-5151
Facsimile:  (251) 344-9696
Email:       kwillis@burr.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document by U.S. First Class Mail on this the 1st day of March, 2022:

Amardo Wesley Pitters
Law Offices of A. Wesley Pitters, P.C.
1145 South Perry Street
Montgomery, AL 36104

OF COUNSEL

47187938 v1

6